

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CASE NO. 9:99-CR-21(4)** |
| | § | |
| **CHRISTOPHER PRICE** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Christopher Price, violated conditions of supervised release imposed by United States District Judge John Hannah, Jr., of the Eastern Disrict of Texas. The Government filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's supervised release [Clerk's doc. #361]. The Court conducted a hearing on February 13, 2007, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On February 25, 2000, the Honorable John Hannah, Jr., United States District Judge for the Eastern District of Texas, sentenced Mr. Price after he pled guilty to the offense of conspiracy to manufacture and possess with intent to distribute methamphetamine, a Class B felony. Judge Hannah sentenced the Defendant to thirty-five (35) months imprisonment and three (3) years of supervised release. The supervision term was subject to the standard conditions of release, plus special conditions to include the defendant shall participate in a program of testing and treatment for drug abuse and to provide the probation officer with access to any requested financial information. On January 11, 2003, Mr. Price completed his period of imprisonment and began service of the supervision term.

Judge Hannah has since passed away. Accordingly, this case has been reassigned to the

docket of the Honorable Ron Clark, United States District Judge.

### B. Allegations in Petition

The United States alleges that Defendant violated the following mandatory condition of supervised release:

*The defendant shall not commit another federal, state, or local crime.*

Specifically, on or about December 17, 2004, the defendant did then and there intentionally or knowingly possess a controlled substance listed in Penalty Group One of the Texas Controlled Substances Act, namely, methamphetamine, in the amount of one gram or more but less than four grams.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered the following evidence as its factual basis for the allegations set out *supra*. The Government presented a copy of a judgment of conviction entered in cause number 33,156-A pending in the 188th Judicial District Court of Gregg County, Texas. That conviction shows that the Defendant, Mr. Price, was convicted of possession of controlled substance listed in penalty groups one of the Texas Controlled Substances Act. The conviction further shows that the date of offense was December 17, 2004, as alleged in the petition, and sentence was imposed September 9, 2005. Mr. Price is currently serving a seven (7) year term in the Texas Department of Criminal Justice for that conviction.

Defendant, Christopher Price, offered a plea of true to the allegations. Specifically, he agreed with the evidence presented and pled true to the allegation that he committed the state crime of possession of a controlled substance in violation of his supervision conditions.

.       **D.  Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a mandatory condition of his supervised release by being convicted of possession of a controlled substance. This conduct constitutes a Grade A violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade A violation, the Court shall revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1).

Based upon Mr. Price's criminal history category of I and the Grade A violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from twelve (12) to eighteen (18) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three (3) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (Citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v.*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

*Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and Defendant's admission support a finding that he violated his supervision conditions. Mr. Price knowingly and voluntarily pled true and agreed with the Court's recommended sentence for that violation. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing*.

Accordingly, based upon Defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate further recommends that the District Court order Defendant to serve a term of **twelve (12)** months imprisonment. The Court further recommends that this term of imprisonment should run **consecutive** to the sentence Mr. Price is currently serving in the Texas Department of Corrections, imposed in Cause Number 33,156-A in the 188th Judicial District Court of Gregg County, Texas. Finally, the Court recommends that Mr. Price receive no new term of supervision upon his release.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by

the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 26th day of February, 2007.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE